## Ex parte BROOKS.

[APPLICATION FOR MANDAMUS.]

1. *Suspension of proceedings under act to suppress murder, lynching, &c., approved December* 28, 1868 ; *when proper.*—The arrest and putting on trial of one of several offenders, on the charge about which suit is brought against a county, under the provisions of section 6 of "An act to suppress murder, lynching, and assaults and batteries," approved December 28th, 1868, authorizes, under the provisions of section 7 of the same act, a suspension of proceedings in the suit against the county, until the result of the apprehended person's trial shall be known.

Section 6 of the act "to suppress murder, lynching, and assaults and batteries," approved December 28th, 1868, provides, in substance, that if any person be whipped, beaten, or wounded, "to force such person to leave the neighborhood, or for any cause, by two or more persons unknown, or persons in disguise, not unknown or in disguise," &c., the person so injured may recover one thousand dollars by suit against the county in which the offense occurred, &c.

Section 7 of the same act provides, "that if at any time before the payment of the money, recoverable under any section of this act, *the offenders* shall be apprehended and duly tried, convicted and punished, such conviction and punishment shall operate as satisfaction of the judgment in the particular case. If the *offenders* herein described shall be apprehended and undergoing trial for the offense about which the suit is brought, the court, or in vacation the presiding judge, may, on a proper showing, suspend proceedings in the suit for damages until the result of the trial of the apprehended person shall be known."

The petitioner, Ferrin Brooks, brought suit against the county of Cleburne, under the provisions of section 6 of the act above quoted, alleging in his complaint that he had

been beaten by a party or band of twenty-five disguised persons, &c. When the case was called for trial, the attorneys for the county suggested that "N. C. Hudgins was indicted, arrested, and now undergoing trial for the offense of being one of the party who committed the offense for which your petitioner brought suit." The truth of the suggestion being admitted, the court suspended proceedings in the case until the result of the trial of Hudgins should be known. The petitioner excepted to this ruling, and took a bill of exceptions, and now prays for a *mandamus* to compel the presiding judge of the circuit court to set aside the order suspending proceedings, &c., and to proceed with the trial of the cause, &c.

JAMES AIKIN, for petitioner, contended that the apprehension, &c., of "*one*" of a band of *twenty-five*, was no cause for suspending the proceedings in the suit; that this would not satisfy either the spirit or letter of the statute. That being strictly a statutory proceeding, parties seeking to avail themselves of its provisions must bring themselves strictly within the letter of the statute, which provides for suspension only when the "*offenders*" are arrested.

B. F. SAFFOLD, J.—Section 7 of the act to suppress murder, lynching, &c., approved December 28th, 1868, authorizes the suspension of proceedings in the suit for damages, when the offenders shall be apprehended and undergoing trial, until the result of the trial of the apprehended person shall be known. It is not necessary that more than one of the offenders shall be undergoing trial. The proceedings are to be suspended whenever the proper facts are made known to the court or judge.

The *mandamus* is refused.